IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA,
ORLANDO DIVISION

| | |
|---|---|
| BRUMATE, INC.,<br><br>   Plaintiff,<br><br> v.<br><br>CORKCICLE, LLC,<br><br>   Defendant. | CASE NO.:<br>Jury Trial Demanded |

## COMPLAINT

Plaintiff BruMate, Inc. ("Plaintiff") files this Complaint against Defendant Corkcicle, LLC ("Defendant") for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

## THE PARTIES

1. Plaintiff is a Delaware corporation with its principal address at 874 Walker Road, Suite C, Dover, DE 19904.

2. Defendant is a Delaware limited liability company with a principal address at 1300 Brookhaven Drive #2, Orlando, FL 32803.

## JURISDICTION AND VENUE

3. Plaintiff brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).

4. Defendant is subject to personal jurisdiction of this Court pursuant to Fla. Stat. §§48.193(1)(a)(1), (1)(a)(2) and (2) based upon its regularly conducted business in Florida and in this judicial district and commission of a tortious act in Florida and in this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1400(b), because Defendant has committed acts of infringement in this judicial district and has a regular and established place of business in this judicial district.

## FACTUAL BACKGROUND

6. Plaintiff is in the business of designing and distributing insulated beverage containers.

7. U.S. Patent No. 12,384,613 (the "Patent"), titled "No Spill Straw," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on August 12, 2025. The Patent is and remains valid and enforceable.

8. Plaintiff is the owner by assignment of the entire right, title, and interest in and to the Patent, including the sole and undivided right to sue for infringement. A true and correct copy of the Patent is attached hereto as **Exhibit A**.

9. The relevant claims of the Patent, as asserted herein, are generally directed to a lid structure for a beverage container, and a beverage container

comprising said lid structure, whereby the lid structure has a body portion defining an engagement cavity sized to receive a straw mechanism, wherein the straw mechanism has a bottom portion with at least two protruding ridges arranged to pass through corresponding notches of the body portion, and wherein the straw mechanism is rotatable between and open state and a closed state within the engagement cavity of the body portion.

10. The lid structure is described and depicted throughout the Patent, including within FIG. 1 of the Patent, reproduced below (in part):



11. The Plaintiff currently sells its Era® branded tumblers (the "Era Product") that have a lid structure consistent with the scope of the Patent, as depicted below:



12.     Defendant has and continues to sell and/or offer to sell through its website and at retail stores in this judicial district a product that it promotes as the Leakproof Cruiser (the "Cruiser Product"). The Cruiser Product also has a lid structure consistent with the scope of the Patent, as depicted below:



13.     The Patent describes a mechanism whereby a portion of the lid structure can be rotated to effectively open and close the lid structure. The Era Product and the Cruiser Product each incorporate this patented mechanism.

14. Given the scope and similarities of the Cruiser Product to the Patent, it is clear that Defendant has misappropriated Plaintiff's patented designs.

15. The Cruiser Product reads on at least claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 20 of the Patent. With regard to Claim 1 in particular, the Cruiser Product contains a gasket that is comprised of the following elements/features: (a) a body portion having a top side that defines an engagement cavity sized to receive a straw mechanism, and a first opening offset from a central axis of the body portion, the first opening being in fluid communication with an interior volume of the beverage container; and (b) a straw mechanism configured to be removably inserted into the engagement cavity, the straw mechanism including a bottom portion having at least two protruding ridges, each protruding ridge being sized and arranged to pass through a corresponding notch formed on or within the engagement cavity so that the straw mechanism can be fully inserted only in a single orientation, and a spout portion having a distal end surface that presents a second opening offset from the central axis, wherein the straw mechanism is rotatable within the engagement cavity between an open state in which the second opening is aligned with the first opening so that fluid may pass from the container interior to the spout portion, and a closed state in which the first opening is blocked to inhibit fluid flow.

16. A claim chart that further demonstrates how the Cruiser Product reads on all of the elements of claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 20 of the Patent is submitted herewith as **Exhibit B**.

17. On March 7, 2025, counsel for Plaintiff sent Defendant and its counsel an email containing a letter and supporting documentation alerting Defendant of patent applications within the same family of the application that would later result in the Patent, as well as Plaintiff's concerns about the Cruiser Product potentially infringing the patent applications once they issued.

18. Plaintiff did not receive any responsive communication from Defendant or its counsel in response to the March 7, 2025 email.

19. On information and belief, given the identicality of the Cruiser Product to Plaintiff's Era Product and the claims of the Patent as shown above, Defendant has knowledge of the claims of the Patent. On information and belief, Defendant has acted with intentional disregard for the Patent.

## COUNT I: DIRECT INFRINGEMENT

20. Plaintiff incorporates by reference paragraphs 1-19 and re-alleges them as if stated herein.

21. On information and belief, Defendant has directly infringed, and continues to directly infringe, at least claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 20 of the Patent in violation of 35 U.S.C. § 271(a) by at least

manufacturing, using, selling, offering to sell and/or importing (directly or through intermediaries) in the United States the Cruiser Product that includes all the limitations of at least claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 20 of the Patent. *See* **Exhibit B.**

22. Defendant's infringement of the Patent has directly caused substantial monetary harm to Plaintiff in an amount to be proven at trial, including lost profits.

23. Defendant's infringement of the Patent has caused Plaintiff damages for which Plaintiff has no adequate remedy at law.

24. Defendant's infringement of the Patent has been willful, deliberate, and with full knowledge that the manufacture, use, sale, offer for sale and/or importation into the United States of the Cruiser Product and/or the components thereof infringes claims least claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 20 of the Patent, justifying the award to Plaintiff of damages three times the amount found or assessed, in accordance with 35 U.S.C. § 284.

25. Defendant's willful infringement of the Patent renders this an exceptional case, justifying an award to Plaintiff of its reasonable attorney fees in accordance with 35 U.S.C. § 285.

26. Plaintiff has been irreparably harmed by Defendant's infringement of the Patent and will continue to be harmed unless Defendant's infringing conduct is restrained and enjoined by order of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment in its favor granting the following relief:

a. A finding that Defendant has directly infringed, literally or under the doctrine of equivalents, one or more claims of the Patent;

b. An award of damages pursuant to 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's infringement of one or more claims of the Patent, including both pre-judgment and post-judgment interest and costs as fixed by the Court;

c. A finding that Defendant's infringement of the Patent has been willful;

d. An increase in the damages to be awarded to Plaintiff of three times the amount found by the jury or assessed by the Court;

e. A declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285, and a corresponding award of Plaintiff's reasonable attorney fees incurred in connection with the litigation;

f. An order permanently enjoining Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons acting in privity or concert with them, from committing further acts of infringement of the Patent, including making, using, offering to sell,

or selling in the United States, or importing into the United States the Cruiser Product; and

g. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 28, 2025                Respectfully submitted,


                                      s/*Amber Davis*
                                      Amber Davis
                                      Wolter Van Dyke Davis, PLLC
                                      1900 Summit Tower Blvd, Suite 140
                                      Orlando, FL 32810
                                      P: (407)926-7700
                                      E: adavis@savvyiplawfl.com