IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA,
ORLANDO DIVISION

| | |
|---|---|
| BRUMATE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CORKCICLE CAPITAL GROUP, LLC, a Florida limited liability company and 1300 BROOKHAVEN LLC, F/K/A CORKCICLE, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO.: 6:25-cv-1661-JSS-NWH<br>Jury Trial Demanded |

**DEFENDANT CORKCICLE CAPITAL GROUP, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Corkcicle Capital Group, LLC ("Defendant" or "CCG"), by and through its attorneys, files this Answer and Affirmative Defenses ("Answer") to the Second Amended Complaint ("SAC") filed by Brumate, Inc. ("Plaintiff" or "Brumate") in the above referenced action. CCG denies the allegations and characterizations in Plaintiff's SAC unless express admitted in the following paragraphs.

1

## ANSWER

CCG admits that Brumate purports to bring a civil action against CCG for patent infringement, but CCG denies that it infringes any valid and/or enforceable claim of the asserted patent. CCG further denies the remaining allegations and/or legal conclusions in the unnumbered introductory paragraph of the SAC.

## THE PARTIES

1. Plaintiff is a Delaware corporation with its principal address at 874 Walker Road, Suite C, Dover, DE 19904.

**RESPONSE**: CCG lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the SAC, and on that basis denies the allegations of Paragraph 1 of the SAC.

2. Defendant, Corkcicle is a Florida limited liability company with a principal address at 1000 Legion Place, Suite 900, Orlando, Florida 32801.

**RESPONSE**: CCG admits that CCG is a Florida limited liability company with a principal address at 1000 Legion Place, Suite 900, Orlando, Florida 32801.

3. Defendant, 1300 Brookhaven is a Florida limited liability company with a principal address at 1300 Brookhaven Drive #2, Orlando, FL 32803.

**RESPONSE**: CCG lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the SAC, and on that basis denies the allegations of Paragraph 3 of the SAC.

## JURISDICTION AND VENUE

4. Plaintiff brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).

**RESPONSE**: CCG admits that Brumate purports to bring an action for patent infringement against CCG under 35 U.S.C. §§ 271, 281, and 284-285 and that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a). However, CCG denies that it infringes any valid and/or enforceable claim of the asserted patent. As it relates to Defendant 1300 Brookhaven, CCG lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 of the SAC, and on that basis denies the allegations of Paragraph 4 of the SAC as it relates to 1300 Brookhaven.

5. Defendants are subject to personal jurisdiction of this Court pursuant to Fla. Stat. §§48.193(1)(a)(1), (1)(a)(2) and (2) based upon regularly conducted business in Florida and in this judicial district and commission of a tortious act in Florida and in this judicial district.

**RESPONSE**: CCG does not contest that this Court has personal jurisdiction over CCG with respect to having regularly conducted business in Florida and in this judicial district, but CCG denies that it, at any time in this district or any other district,

has committed acts of patent infringement or committed tortious acts. As it relates to Defendant 1300 Brookhaven, CCG lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 of the SAC, and on that basis denies the allegations of Paragraph 5 of the SAC as it relates to 1300 Brookhaven.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1400(b), because Defendants have committed acts of infringement in this judicial district and have a regular and established place of business in this judicial district.

**RESPONSE**: CCG does not contest that venue is proper with respect to CCG having a regular and established place of business in this judicial district, but CCG denies that it, at any time in this district or any other district, has committed acts of patent infringement. As it relates to Defendant 1300 Brookhaven, CCG lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 of the SAC, and on that basis denies the allegations of Paragraph 6 of the SAC as it relates to 1300 Brookhaven.

## FACTUAL BACKGROUND

7. Plaintiff is in the business of designing and distributing insulated beverage containers.

**RESPONSE**: CCG lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the SAC, and on that basis

denies the allegations of Paragraph 7 of the SAC.

8. U.S. Patent No. 12,384,613 (the "Patent"), titled "No Spill Straw," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on August 12, 2025. The Patent is and remains valid and enforceable.

**RESPONSE**: CCG admits that the United States Patent and Trademark Office issued U.S. Patent No. 12,384,613 (the "Patent"), titled "No Spill Straw," on August 12, 2025. CCG denies that the Patent was duly and legally issued, is valid, or enforceable. CCG denies all other allegations in Paragraph 8 of the SAC.

9. Plaintiff is the owner by assignment of the entire right, title, and interest in and to the Patent, including the sole and undivided right to sue for infringement. A true and correct copy of the Patent is attached hereto as **Exhibit A**.

**RESPONSE**: CCG admits that a copy of the Patent is attached to the SAC as Exhibit A. CCG lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 9 of the SAC, and on that basis denies the remaining allegations of Paragraph 9 of the SAC.

10. The relevant claims of the Patent, as asserted herein, are generally directed to a lid structure for a beverage container, and a beverage container comprising said lid structure, whereby the lid structure has a body portion defining an engagement cavity sized to receive a straw mechanism, wherein the straw mechanism has a bottom portion with at least two protruding ridges arranged to pass through

corresponding notches of the body portion, and wherein the straw mechanism is rotatable between and open state and a closed state within the engagement cavity of the body portion.

**RESPONSE**: Paragraph 10 contains legal conclusions and allegations to which no answer is required. CCG denies Plaintiff's characterization of the material covered by the claims of the Patent.

11.     The lid structure is described and depicted throughout the Patent, including within FIG. 1 of the Patent, reproduced below (in part):



**RESPONSE**: CCG admits that the Patent includes a FIG. 1, and that a portion FIG. 1 of the Patent is depicted in Paragraph 10 of the SAC. CCG denies any legal conclusions as to the relationship between Fig. 1 of the Patent and the claims of the Patent, and denies Plaintiff's characterization of the material covered by the claims of the Patent.

12.     The Plaintiff currently sells its Era® branded tumblers (the "Era

Product") that have a lid structure consistent with the scope of the Patent, as depicted below:



**RESPONSE**: CCG lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 of the SAC, and on that basis denies the allegations of Paragraph 12 of the SAC.

13.    Defendants have and continue to sell and/or offer to sell through its website and at retail stores in this judicial district a product that it promotes as the Leakproof Cruiser (the "Cruiser Product"). The Cruiser Product also has a lid structure consistent with the scope of the Patent, as depicted below:



**RESPONSE**: CCG admits to the sale and/or offer for sale through CCG's website and at retail stores the Leakproof Cruiser ("Cruiser Product"), but CCG denies that the Cruiser Product lid is "consistent with the scope of the Patent" and denies all other allegations of Paragraph 13 of the SAC.

14. The Patent describes a mechanism whereby a portion of the lid structure can be rotated to effectively open and close the lid structure. The Era Product and the Cruiser Product each incorporate this patented mechanism.

**RESPONSE**: CCG denies Plaintiff's characterization of the material covered by the claims of the Patent, denies that the Cruiser Product includes a lid structure that incorporates a mechanism claimed in the Patent, and denies that CCG otherwise infringes any valid and/or enforceable claim of the Patent. CCG lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations that the Era Product incorporates a "patented mechanism," and on that basis denies the allegations of Paragraph 14 of the SAC as it relates to the Era Product. CCG denies all

other allegations of Paragraph 14 of the SAC.

15.     Given the scope and similarities of the Cruiser Product to the Patent, it is clear that Defendants have misappropriated Plaintiff's patented designs.

**RESPONSE**: CCG denies the allegations of Paragraph 15 of the SAC.

16.     The Cruiser Product reads on at least claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 20 of the Patent. With regard to Claim 1 in particular, the Cruiser Product contains a gasket that is comprised of the following elements/features: (a) a body portion having a top side that defines an engagement cavity sized to receive a straw mechanism, and a first opening offset from a central axis of the body portion, the first opening being in fluid communication with an interior volume of the beverage container; and (b) a straw mechanism configured to be removably inserted into the engagement cavity, the straw mechanism including a bottom portion having at least two protruding ridges, each protruding ridge being sized and arranged to pass through a corresponding notch formed on or within the engagement cavity so that the straw mechanism can be fully inserted only in a single orientation, and a spout portion having a distal end surface that presents a second opening offset from the central axis, wherein the straw mechanism is rotatable within the engagement cavity between an open state in which the second opening is aligned with the first opening so that fluid may pass from the container interior to the spout portion, and a closed state in which the first opening is blocked to inhibit fluid flow.

**RESPONSE**: CCG denies the allegations of Paragraph 16 of the SAC.

17. A claim chart that further demonstrates how the Cruiser Product reads on all of the elements of claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 20 of the Patent is submitted herewith as **Exhibit B**.

**RESPONSE**: CCG admits that Exhibit B attached to the SAC purports to be a chart containing allegations concerning the Cruiser Product in comparison to elements of claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 20 ("Asserted Claims") of the Patent, but CCG denies that the Cruiser product "reads on all elements of the Asserted Claims," denies that the Cruiser Product or any element thereof infringes any claim of the Patent, denies any allegation stated or implied in the document attached as Exhibit B to the SAC, and denies any legal conclusions stated or implied in the document attached as Exhibit B to the SAC. CCG denies all other allegations of Paragraph 17 of the SAC.

18. On March 7, 2025, counsel for Plaintiff sent Defendant, 1300 Brookhaven (then known as Corkcicle, LLC) and its counsel an email containing a letter and supporting documentation alerting 1300 Brookhaven of patent applications within the same family of the application that would later result in the Patent, as well as Plaintiff's concerns about the Cruiser Product potentially infringing the patent applications once they issued.

**RESPONSE**: CCG lacks knowledge and information sufficient to form a belief as to

the truth or falsity of the allegations in Paragraph 18 of the SAC, and on that basis denies the allegations of Paragraph 18 of the SAC.

19.    Plaintiff did not receive any responsive communication from Defendant, 1300 Brookhaven or its counsel in response to the March 7, 2025 email.

**RESPONSE**: CCG lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the SAC, and on that basis denies the allegations of Paragraph 19 of the SAC.

20.    On information and belief, given the identicality of the Cruiser Product to Plaintiff's Era Product and the claims of the Patent as shown above, Defendant, 1300 Brookhaven has knowledge of the claims of the Patent. On information and belief, Defendant, 1300 Brookhaven has acted with intentional disregard for the Patent.

**RESPONSE**: CCG denies that the Cruiser Product and Plaintiff's Era Product are identical. CCG lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the SAC, and on that basis denies the allegations of Paragraph 20 of the SAC.

21.    On September 24, 2025, undersigned counsel received communication by email from ZKS Registered Agent Services, LLC indicating that Defendant, Brookhaven, "is no longer operating, has no assets, and is in the process of winding down." Included with the September 24, 2025 communication was a copy of a letter dated September 19, 2025 from Eric Miller, Manager of 1300 Brookhaven f/k/a

Corkcicle, LLC. Mr. Miller advised that Defendant, 1300 Brookhaven sold all of its assets to Corkcicle Capital Group on August 22, 2025. Attached as **Exhibit C** is a true and correct copy of the September 24, 2025 email from ZKS Registered Agent Services, LLC and the September 19, 2025 letter attached thereto.

**RESPONSE**: CCG admits that Exhibit C attached to the SAC purports to be an email dated September 24, 2025, from ZKS Registered Agent Services, LLC and attached thereto a letter dated September 19, 2025, from Eric Miller. With respect to all other allegations in Paragraph 21 of the SAC, CCG lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 21 of the SAC, and on that basis denies the remaining allegations of Paragraph 21 of the SAC.

22. Both 1300 Brookhaven and Corkcicle have infringed on the Patent by making, selling and/or offering to sell the Cruiser Product in direct violation of Plaintiff's Patent.

**RESPONSE**: CCG denies all allegations in Paragraph 22 of the SAC.

## COUNT I: DIRECT INFRINGEMENT

23. Plaintiff incorporates by reference paragraphs 1-21 and re-alleges them as if stated herein.

**RESPONSE**: CCG restates and realleges its preceding responses to paragraphs 1-21 as if fully set forth herein.

24. On information and belief, Defendants have directly infringed, and continue to directly infringe, at least claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 20 of the Patent in violation of 35 U.S.C. § 271(a) by at least manufacturing, using, selling, offering to sell and/or importing (directly or through intermediaries) in the United States the Cruiser Product that includes all the limitations of at least claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 20 of the Patent. *See* **Exhibit B.**

**RESPONSE**: CCG denies the allegations in Paragraph 24 of the SAC.

25. Defendants' infringement of the Patent has directly caused substantial monetary harm to Plaintiff in an amount to be proven at trial, including lost profits.

**RESPONSE**: CCG denies the allegations of Paragraph 25 of the SAC.

26. Defendants' infringement of the Patent has caused Plaintiff damages for which Plaintiff has no adequate remedy at law.

**RESPONSE**: CCG denies the allegations of Paragraph 26 of the SAC.

27. Defendants' infringement of the Patent has been willful, deliberate, and with full knowledge that the manufacture, use, sale, offer for sale and/or importation into the United States of the Cruiser Product and/or the components thereof infringes claims least claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 20 of the Patent, justifying the award to Plaintiff of damages three times the amount found or assessed, in accordance with 35 U.S.C. § 284.

**RESPONSE**: CCG denies the allegations of Paragraph 27 of the SAC.

28. Defendants' willful infringement of the Patent renders this an exceptional case, justifying an award to Plaintiff of its reasonable attorney fees in accordance with 35 U.S.C. § 285.

**RESPONSE**: CCG denies the allegations of Paragraph 28 of the SAC.

29. Plaintiff has been irreparably harmed by Defendants' infringement of the Patent and will continue to be harmed unless Defendants' infringing conduct is restrained and enjoined by order of this Court.

**RESPONSE**: CCG denies the allegations of Paragraph 29 of the SAC.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment in its favor granting the following relief:

a. A finding that Defendants have directly infringed, literally or under the doctrine of equivalents, one or more claims of the Patent;

b. An award of damages pursuant to 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendants' infringement of one or more claims of the Patent, including both pre-judgment and post-judgment interest and costs as fixed by the Court;

c. A finding that Defendants' infringement of the Patent has been willful;

d. An increase in the damages to be awarded to Plaintiff of three times the

  amount found by the jury or assessed by the Court;

 e. A declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285, and a corresponding award of Plaintiff's reasonable attorney fees incurred in connection with the litigation;

 f. An order permanently enjoining Defendants and its respective officers, agents, servants, employees, and attorneys, and those persons acting in privity or concert with them, from committing further acts of infringement of the Patent, including making, using, offering to sell, or selling in the United States, or importing into the United States the Cruiser Product; and

 g. Such other and further relief as this Court may deem just and proper.

**RESPONSE**: CCG denies that Plaintiff is entitled to any relief whatsoever against CCG in this action, either as requested in the SAC or otherwise.

## **GENERAL DENIAL**

Except as otherwise expressly recognized above, CCG denies each and every allegation in Plaintiff's Complaint, including, without limitation, the headings and subsections, and CCG specifically denies liability. Pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure, allegations to which no responsive pleading is required shall be deemed denied. CCG expressly reserves the right to amend and/or supplement its Answer.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff's SAC fails to state a claim against CCG upon which relief may be granted for at least the reasons the Plaintiff has not pled a plausible cause of action for patent infringement and/or willful infringement against CCG.

### SECOND DEFENSE
### (Non-Infringement)

CCG has not infringed and does not infringe any valid and/or enforceable claims of the Patent.

### THIRD DEFENSE
### (Invalidity)

All of the claims of the Patent are invalid for failure to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112.

### FOURTH DEFENSE
### (Unclean Hands)

The claims in the SAC against CCG are barred under the doctrine of unclean hands.

### FIFTH DEFENSE
### (Assertion of an Invalid Claim)

Brumate is barred from recovering costs in connection with its SAC and/or this

action pursuant to 35. U.S.C. § 288.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, CCG prays that judgment be entered against Brumate as follows:

    A.    Dismissing Brumate's SAC in its entirety with prejudice;

    B.    Finding that Brumate is not entitled to judgment or relief;

    C.    Entering judgment in favor of CCG;

    D.    Awarding CCG its costs and disbursements in this action;

    E.    Awarding CCG reasonable attorneys' fees to the extent permitted by law; and

    F.    Granting CCG such other relief as this Court deems just and proper.

Dated this December 1, 2025.

                              Respectfully Submitted,

                              */s/ Jennifer Towle*
                              _____

                              Jennifer Towle, Lead Counsel, *pro hac vice*
                              DICKINSON WRIGHT PLLC
                              607 West 3rd Street, Suite 2500
                              Austin, Texas 78701
                              Telephone: 512.770.4200
                              Facsimile: 844.670.6009
                              jtowle@dickinsonwright.com

                              Alan J. Perlman, Esq.
                              Florida Bar No. 826006
                              Jennifer J. Vaquerano

                                              Florida Bar No. 103964
                                              350 East Las Olas Blvd, Suite 1750
                                              Ft. Lauderdale, FL 33301
                                              Telephone:  954.991.5427
                                              Email: aperlman@dickinson-wright.com
                                              Email: jvaquerano@dickinson-wright.com

                                              J. Morgan Dixon, *pro hac vice*
                                              DICKINSON WRIGHT PLLC
                                              55 W Monroe St., Suite 1200
                                              Chicago, IL 60603
                                              Telephone: 312.641.0060
                                              mdixon@dickinson-wright.com

                                              *Attorneys for Defendant Corkcicle Capital Group, LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that on December 1, 2025, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Jennifer Towle

Jennifer Towle

*Attorney for Defendant Corkcicle Capital Group, LLC*